USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED:  05/06/26

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

BOARD OF EDUCATION OF THE CITY
SCHOOL DISTRICT OF THE CITY OF NEW
YORK,

                 Plaintiff,

      -against-

J.J., *as parent and natural guardian of K.A., et al.*,

                Defendants.

25-CV-7924 (GHW) (BCM)

**ORDER**

**BARBARA MOSES, United States Magistrate Judge.**

Portions of the administrative record in this action, brought pursuant to the Individuals with Disabilities Education Act, 20 U.S.C. 1400 *et seq*., reveal the name and other identifying details concerning K.A., a child with a disability. On February 13, 2026, in connection with its motion for summary judgment, plaintiff Board of Education (BOE) submitted the administrative record in the form of Exhibits A-AA to the Soliday Declaration. *See* Dkts. 16-1 through 16-27.  On the same date, BOE filed a motion to seal the Soliday Declaration and all of its exhibits. *See* Dkt. 14. On April 29, 2026, the Court noted that some of the documents at issue "do not in fact contain any confidential information," and consequently denied the motion, "without prejudice to [BOE's] right to file a more tailored sealing request." Dkt. 27. On May 4, 2026, BOE renewed its sealing motion (Dkt. 28), asking the Court to seal "every document previously filed under seal at ECF No. 16 . . . except for the Declaration of Courtney Soliday (ECF No. 16) and Exhibit B (ECF No. 16-2)."

The Court agrees that the Soliday Declaration and Exhibit B thereto should be filed unsealed. But this is not sufficient, given that Exhibits A, C, and L to the Soliday Declaration (Dkts. 16-1, 16-3, and 16-12) require only minimal redactions to protect the identity of the child. The Court again reminds the parties that the sealing of judicial documents – such as the

administrative record in this case – should be minimized, whenever possible, in light of the strong presumption of public access to such documents. *See Brown v. Maxwell*, 929 F.3d 41, 47-48 (2d Cir. 2019); *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 119-20 (2d Cir. 2006). Consequently, where the Court must choose between sealing a lengthy judicial document entirely and requiring the filing party to redact a few words from a few pages of that document, *Lugosch* and its progeny demand the latter course.

Accordingly, plaintiff's renewed sealing motion is GRANTED IN PART AND DENIED IN PART. Plaintiff is directed to: (i) refile the Soliday Declaration and Exhibit B thereto (Dkts. 16 and 16-2) on the public docket without redactions; (ii) refile Exhibit A (Dkt. 16-1) with redactions applied to ECF p. 2; (iii) refile Exhibit C (Dkt. 16-3) with redactions applied to ECF p. 23; and (iv) refile Exhibit L (Dkt. 16-12) with redactions applied to ECF pp. 14-16.

The Clerk of Court is respectfully directed to close the motion at Dkt. 28.

Dated: New York, New York
   May 6, 2026

SO ORDERED.

_____
**BARBARA MOSES**
**United States Magistrate Judge**

2